### COATES et al. v. BOKER.

#### (Circuit Court, S. D. New York. March 1, 1902.)

PATENTS—INFRINGEMENT—HAIR-CLIPPING MACHINE.

> The Lee patent, No. 382,288, for a hair-clipping machine having ball bearings between the reciprocating cutter-plate and the cap, was not anticipated, and is valid. Claim 4 also *held* infringed.

In Equity. Suit for infringement of letters patent No. 382,288, for a hair-clipping machine, issued to Lewis S. Lee May 1, 1888. On final hearing.

Stewart Chaplin, for plaintiffs.

S. L. Moody, for defendant.

WHEELER, District Judge. This suit is brought upon the fourth claim patent No. 382,288, dated May 1, 1888, and granted Lewis S. Lee, one of the plaintiffs, for a hair-clipping machine. The drawings show a stationary cutter plate; a reciprocating cutter plate, B, between that and a broad cap, C, covering nearly the length of the cutter plates; balls, K, in grooves, J, with edges, j, turned over the balls. The specification, as to this matter, sets forth:

> "The object of my invention is to reduce the friction between the cap and the reciprocating cutter, whereby the machine may be operated with less power. In carrying out my invention I interpose between the cap and the cutter plate two or more spheres or balls, preferably free to roll in suitable grooves parallel with the longitudinal reciprocation of the cutter plate. To reduce the friction between the reciprocating cutter plate, B, and the cap, C, I provide two or more balls or spheres, K, interposed between the said plate and cap. As shown, the balls are placed in longitudinal parallel grooves, J, which are preferably provided with edges, j, Fig. 7, bent over sufficient to hold the balls to the cap when the parts are removed; and these grooves, J, are made considerably longer than the diameter of the balls, whereby, as the balls rotate, they may travel over the cutter plate, B, and the cap, C, may travel over them. The result of this would be that the friction between the cap and the cutter plate would be reduced far more than if the balls were held in semispherical pockets."

This claim is for:

> "(4) In a hair-clipping machine, the combination of the reciprocating cutter, the stationary cap, and interposed ball or spherical bearings, with guides to hold the balls against lateral movement, but to allow of longitudinal movement with respect to both the cutter and cap."

The principal defense is want of patentable novelty in view of the 15 exhibits of patents showing anti-friction rollers and ball bearings

in use in various ways in mowing and hair cutting and other machines set up as anticipations. The nearest of them to this patent appear to be No. 394,251, dated August 31, 1889, to James S. Smith and John Coder, for an improvement in harvester cutters; No. 379,881, dated March 20, 1888, to John Clement Voss, for a cutting apparatus; and No. 335,956, dated February 9, 1886, to Thomas Lovell Phipps and William Burman, assignors to Louis'S. Lee,—apparently the patentee of the one in suit,—for a hair clipper; and a British patent preceding and a reissue following it for the same invention. That to Smith and Coder seems to show anti-friction rollers between the stationary finger bar and the reciprocating cutter bar, and between the reciprocating cutter bar and the inner sides of passages for it through the shoe guides. Those between the finger bar and cutter bar have no relation in principle to this invention. The shoe guides are separate, and, while they might be useful in a mowing machine, they would not answer the purpose of the balanced cap over the whole in this finely adjusted hair-clipping machine. In the Phipps and Burman patents the rollers do not appear to be arranged for moving along their pockets freely, but must move axially within them. These rollers in their places do not appear to be the equivalent of the balls of the patent in their grooves permitting them to be rolled therein in the proper line and at the right distance for holding the cutters together for effective cutting. The other exhibits well show balls rolling in grooves to prevent friction in various ways and devices, but none of them arranged in such a combination for this or any kindred purpose. In this view this claim of the patent seems to be valid. In the defendant's machine the groove for the balls is bored in from the ends of the plate, where they are kept by screw plugs. This may be an improvement upon the plaintiffs' arrangement for constructing the grooves and retaining the balls in them, but, if so, it is none the less taken against the plaintiffs' exclusive right.

Decree for plaintiffs.